NO. 07-09-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 29, 2009
______________________________

ALTON ARMSTRONG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON ABATEMENT AND REMAND
          Appellant, Alton Armstrong, appeals from his conviction for aggravated assault with
a deadly weapon and sentence, pronounced on February 26, 2009, of six years
incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant
filed notice of appeal on March 16, 2009. The clerk’s record was filed on April 29, 2009
and the trial court’s reporter was notified that the reporter’s record was due on June 1,
2009.


 Having not received the reporter’s record nor a request for extension of time to file
the reporter’s record, by letter dated June 11, 2009, this Court advised the reporter that the
appellate record was late and directed the reporter to advise the Court of the status of the
reporter’s record on or before June 22, 2009. As of this date, this Court has not received
any communication from the court reporter.
          Accordingly, we abate this appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 35.3(c). Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
1.       whether appellant still desires to pursue his appeal;

2.       if appellant does wish to continue his appeal, whether an alternate or
substitute reporter should or can be appointed to complete the record
in a timely manner.

 
          The trial court shall cause the hearing to be transcribed. In addition, the trial court
shall (1) execute findings of fact and conclusions of law addressing the foregoing issues,
(2) cause a supplemental clerk’s record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3) cause a
reporter’s record to be developed transcribing the evidence and arguments presented at
the aforementioned hearing. The trial court shall then file the supplemental clerk’s record
and any reporter’s record transcribing the hearing with the clerk of this Court on or before
July 27, 2009. Should further time be needed by the trial court to perform these tasks,
same must be requested before July 27, 2009.
          It is so ordered.
                                                                Per Curiam
 
 
Do not publish.